IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:13-CV-00007-RJC

| | |
|---|---|
| **TERRANCE WRIGHT EL,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**TAMMY HOLLOWAY,** )<br>)<br>**Defendant.** )<br>) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint and his application to proceed without prepayment of fees ("Application").[1] For the reasons that follow, Plaintiff's complaint will be dismissed with prejudice.

I.  BACKGROUND

According to the website of the North Carolina Department of Public Safety, Plaintiff was convicted on April 11, 1996, on one count of second-degree murder (principal) (Doc. # 94000434), and one count of first-degree burglary (principal) (Doc. # 94000436). Petitioner was sentenced on the same day of his convictions to a term of life imprisonment for second-degree murder and a concurrent term of 30-years for conviction on the first-degree burglary count.

According to his complaint, Plaintiff "appointed" the Defendant as fiduciary of accounts "94CRS434 and 94CRS436 to settle all debts and closure under" N.C. Gen. Stat. § 7A-103(12) & (15). (Doc. No. 1 at 1). Plaintiff contends that he has undertaken numerous efforts to affect this "closure" of his accounts, but the Defendant has been unresponsive. In his claim for relief,

---

[1] The Court has examined Plaintiff's Application and finds that he does not have sufficient funds to pay the filing fee in this matter, and his Application will therefore be allowed. (Doc. No. 2).

1

Plaintiff would appear to seek a Court order compelling the Defendant to settle these accounts.

## II. STANDARD OF REVIEW

District courts are required to conduct an initial screening of the allegations contained in a complaint filed by a prisoner against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). A complaint fails to state a claim when it does not include enough factual matter, that even when accepted as true, would entitle a plaintiff to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007) (internal citation omitted). In determining whether a plaintiff has stated a claim for relief, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them in the light most favorable to the plaintiff. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Pro se complaints are generally held to a "less stringent standard" than pleadings drafted by attorneys. White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). However, the Court is not bound to accept a pro se plaintiff's contentions as true. Denton, 504 U.S. at 32. During this initial review, the Court must determine whether the complaint should be dismissed on the ground that (1) it raises an "indisputably meritless legal theory" or (2) the claims rely on "factual contentions [that] are clearly baseless." Neitzke, 490 U.S. at 327.

## III. DISCUSSION

In order to properly state a claim under 42 U.S.C. § 1983, a plaintiff must provide allegations that (1) a person acting under color of state law (2) deprived him of a right, privilege,

or immunity "secured by the Constitution and laws" of the United States. Zombro v. Baltimore City Police Dept., 868 F.2d 1364, 1366 (4th Cir. 1989) (quoting Chapman v. Houston Welfare Rights Org., 441 U.S. 600 (1979)).

In his complaint, Plaintiff alleges that he appointed the Defendant, who is the Clerk of Superior Court in Graham County, North Carolina, as fiduciary over debts and claims associated with his criminal counts noted above. Plaintiff cites to North Carolina law in support of his claim that Defendant has failed in her statutory duties (1) to compel the magistrate judge to provide an accounting under N.C. Gen. Stat. § 7A-103(12), and (2) to audit the accounts of fiduciaries. See id., § 7A-103(15). Although it is difficult to discern, it appears that Plaintiff believes that he may have funds languishing in an account which are related to his criminal convictions from 1996 in File Nos. 94CRS434 and 94CRS436.

First, Plaintiff has failed to provide any reasonable allegations which could give rise to the inference that he has money or property that is in the possession of the clerk of court. Second, Plaintiff has failed to allege any facts which could reasonably present an injury in this case. Other than to express dissatisfaction with the clerk's apparent lack of response to his vague requests for an accounting in a criminal case, Plaintiff has failed to fairly allege facts which could entitle him to relief. Bare allegations that an injury occurred because a defendant declined to accede to a demand for an accounting are insufficient to state a claim. Moreover, Plaintiff's allegations appear to be frivolous on their face. Third, Plaintiff has failed to explain how, as a prisoner of the State of North Carolina, he is entitled to compel the clerk of court to perform an accounting and close accounts related to convictions that occurred 17 years ago. Finally, Plaintiff has failed to present allegations that his rights, as protected by the U.S. Constitution or by federal

3

law, are being violated.

For the foregoing reason, the Court finds that Plaintiff has set forth frivolous claims for relief, and has failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1) & (2).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's application to proceed without prepayment of fees or costs, (Doc. No. 2), is **ALLOWED** for the purpose of this initial review;

2. Plaintiff's complaint, (Doc. No. 1), is **DISMISSED with prejudice** as frivolous and for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1) & (2); and

3. The Clerk of Court is directed to close this case.

Signed: March 22, 2013

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge